**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NATHANIEL JACOBS, JR.,

      Petitioner-Appellant,

v.

DAYTON J. POPPELL, Warden,

      Respondent-Appellee.

No. 04-5115

(N.D. Oklahoma)

(D.C. No. 01-CV-138-EA)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

**PER CURIAM.**

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Nathaniel Jacobs, an Oklahoma state prisoner, seeks a certificate of appealability ("COA") so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," unless

the petitioner first obtains a COA). Because Mr. Jacobs has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court denies his request for a COA and dismisses this appeal.

## I. BACKGROUND

Nathaniel Jacobs was convicted by a jury in Tulsa county district court of two counts of first degree murder (counts I and II), and one count of shooting with intent to kill (count III). The Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal. Mr. Jacobs did not seek post-conviction relief. He then filed an application under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma, which was transferred to the Northern District of Oklahoma.

Mr. Jacobs asserted four claims: (1) the prosecutor improperly commented on Mr. Jacobs' right to remain silent and improperly defined the State's burden of proof; (2) Mr. Jacobs' convictions are not supported by sufficient evidence; (3) the jury was improperly instructed on Mr. Jacobs' culpability for the offenses charged; (4) Mr. Jacobs was denied his constitutional right to confront witnesses.

The federal district court found that Mr. Jacobs properly exhausted his claims in state court, but also found that he did not meet his burden of proving that he was entitled to an evidentiary hearing. It dismissed Mr. Jacobs' petition

and denied him a COA, finding that the OCCA conclusions were not an unreasonable application of federal law.

## II. DISCUSSION

Mr. Jacobs' request for a COA raises the same issues he presented to the district court, and one additional issue: (5) that the trial court violated his Sixth Amendment rights when it closed the courtroom during the testimony of a witness. This claim was presented to the OCCA but was not presented to the district court. Because this claim was not raised before the federal district court, we will not consider it. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

As to the remaining claims, we deny the request for a COA and dismiss the appeal. Contrary to counsel's averment that the standard of review for each proposition is "clear and convincing evidence," which she states without citation or authority, Mr. Jacobs must establish that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court." 28 U.S.C. § 2254(d)(1). In the alternative, Mr. Jacobs must demonstrate that the decision was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2). As to the first claim involving the prosecutor's statements, we agree with the district court that the remarks the prosecutor made during voir dire did not necessarily implicate Mr. Jacobs' right

to remain silent.  In addition, the prosecutor's statement regarding the role of defense counsel did not impermissibly shift the burden of proof.

As to the sufficiency of the evidence, we agree that a reasonable jury could have found proof of guilt beyond a reasonable doubt that Mr. Jacobs had the intent to kill all of the occupants of the car.  As to the challenged instructions regarding culpability, we agree that the instructions defining first-degree murder and criminal intent did not render the trial fundamentally unfair. Finally, we agree that, even assuming that Mr. Jacobs' rights under the Confrontation Clause were violated by the restrictions on the cross-examination of a prosecution witness, the error was harmless because there is nothing in the record indicating that the result would have been different but for the error.

In addition, the court is dismayed by the representation that counsel for Mr. Jacobs, Ms. Lori Combs, has provided to her client.  Among other failings, apart from a few organizational shuffles, her brief is a close recitation of the § 2254 petition she filed before the district court.  Furthermore, the brief's table of authorities is incomplete in violation of FED. R. APP. P. 28(a)(3); the jurisdictional statement omits the bases for appellate jurisdiction, *see id.* 28(a)(4)(B); and the brief omits a certificate of compliance in violation of FED. R. APP. P. 28(a)(11).  With one exception, on page 1 of her brief, Ms. Combs fails to cite the relevant statute, the Antiterrorism and Effective Death Penalty Act

-4-

("AEDPA"); she similarly neglected to cite AEDPA in the habeas petition filed in the district court, and she has insisted throughout that an inapplicable standard of review applies to each contention. Unsurprisingly, of the sixty-six cases counsel cites, only five post-date the near decade-old passage of AEDPA. Pursuant to Rule 46 of the FEDERAL RULES OF APPELLATE PROCEDURE and TENTH CIRCUIT RULES 46.5(D)(4) and 46.6(C), this court orders Ms. Combs to show cause why she should not be sanctioned by this court for her inadequate representation of her client.

## III. CONCLUSION

Accordingly, we DENY Mr. Jacobs' request for a COA, DISMISS the matter, and ORDER Ms. Combs to show cause within 10 days of the date of this order.

Entered for the Court,


Robert H. Henry
Circuit Judge